UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JAMES P. ABRAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID PAUL, WARDEN, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 5:25-cv-00285-GFVT<br><br>**MEMORANDUM OPINION<br>& ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff James P. Abrams is an inmate at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Proceeding without counsel, Abrams filed a civil rights complaint on August 13, 2025. [R. 1]. The Court screened Abrams's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and dismissed several of his claims. [R. 7]. However, the Court permitted him to proceed with his *Bivens* claims against Defendants Assistant Warden Sizemore and Ms. Mattingly. Since Abrams is a prisoner who is permitted to proceed *in forma pauperis*, the United States Marshals Service served Sizemore and Mattingly with a copy of the complaint and a summons on Abrams's behalf. [R. 9].

Abrams has now filed an amended complaint [R. 28], which the Court will review under §§ 1915(e)(2) and 1915A. These provisions require dismissal of any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief. S*ee also McGore v. Wrigglesworth,* 114 F.3d 601, 607-08 (6th Cir. 1997); 42 U.S.C. § 1997e(c). Abrams's submission is evaluated under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the

plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Abrams names the following defendants in his amended complaint: (1) Warden David Paul; (2) Assistant Warden J. Sizemore; (3) Ms. S. Mattingly; (4) Dr. Rosa Myriam Melendez (FMC Medical Director); (5) CO Warbash; (6) CO Vago; (7) "RH and NHh of Mid-Atlantic Regional BOP"; and (8) Swanson Security Agency. Abrams asserts claims of retaliation in violation of the First Amendment; cruel and unusual punishment and deliberate indifference to serious medical needs in violation of the Eighth Amendment; and deprivation of due process and equal protection under the Fifth and Fourteenth Amendments. For relief, Abrams seeks monetary damages and an injunction releasing him to home confinement.

Several of Abrams's claims will be dismissed. As the Court previously explained, it cannot direct the Bureau of Prisons to place Abrams in home confinement. [*See* R. 7 at 2]. To the extent Abrams seeks money damages for alleged violations of his constitutional rights, these claims must be pursued (if at all) under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens*, 403 U.S. at 397. However, the *Bivens* remedy is judicially created and may be implied only in limited circumstances. *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). Since *Bivens* was decided in 1971, the Supreme Court has found an implied damages action to be available in the following three circumstances: (1) where federal officials searched a private residence without probable cause in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) where a Congressperson terminated an employee on the basis of gender in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979); and (3) where prison officials displayed

2

deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980). *See Ziglar*, 582 U.S. at 130-31.

Abrams alleges that Warden Paul violated his rights under the First, Eighth, and Fourteenth Amendments by denying his motion for compassionate release "with deliberate indifference and intimidation, retaliation and machination." But the Warden's denial of Abrams's compassionate release motion does not give rise to a constitutional violation. *See Greenholz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Hernandez-Castillo v. Bureau of Prison*, 56 F. App'x 256, 256-57 (6th Cir. Feb. 20, 2003) (noting that a prisoner has no procedural due process liberty interest in compassionate release). Abrams does not allege any facts indicating that Warden Paul acted with deliberate indifference or otherwise violated Abrams's constitutional rights. The Court also notes that Abrams filed a motion for compassionate release with his sentencing court, which was denied. *United States v. Abrams*, 3:22-cv-00190 (M.D. Penn., Sept. 9, 2025). Abrams recently appealed that decision to the United States Court of Appeals for the Third Circuit.

Assistant Warden Sizemore also will be dismissed as a defendant because Abrams's amended complaint does not include any allegations involving him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). *See also In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

Abrams's claims against RH and NHh also will be dismissed. Abrams alleges that these "BOP Mid-Atlantic" employees made administrative remedies unavailable by refusing to characterize his grievances as sensitive. However, inmates do not have an "inherent constitutional right to an effective prison grievance procedure." *Davidson v. Federal Bureau of Prisons*, 2017 WL 8997005 (6th Cir. Nov. 29, 2017) (quoting *Argue v. Hofmeyer,* 80 F. App'x 427 430 (6th Cir. 2003)). Abrams also alleges that these defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"). However, this claim necessarily fails because HIPAA does not provide a private right of action. *See Faber v. Ciox Health, LLC*, 944 F.3d 593, 596 (6th Cir. 2019).

The Court also will dismiss Abrams's claims against CO Warbash and S. Mattingly. According to Abrams, Warbash told a physician at the University of Kentucky Medical Center that Abrams was "faking a stroke." But mere verbal harassment or insults do not constitute punishment in violation of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Abrams alleges that Mattingly put him in imminent danger by placing him "next to prisoners with severe infections." However, Abrams does not allege any facts indicating that he was harmed as a result of his placement or that Mattingly otherwise was deliberately indifferent to his serious medical needs.

Abrams's claims against Swanson Security Agency also will be dismissed. Abrams claims that Swanson Security employees shackled him in violation of the Eighth Amendment. But even if Swanson Security Agency was acting under color of law, there is no implied right of action under *Bivens* for claims of excessive force. *See Goldey v. Fields*, 606 U.S. 942 (2025) (declining to extend *Bivens* to an Eighth Amendment excessive force claim); *Anderson v. Fuson*, No. 23-5342, 2024 WL 1697766, at *2-3 (6th Cir. Feb. 1, 2024) (same); *Green v. United States*, No. 21-

5398, 2022 WL 13638916, at *3-4 (6th Cir. Sept. 13, 2022) (concluding that an Eighth Amendment excessive force claim, among other claims, is not cognizable under *Bivens*).

Abrams's First Amendment retaliation claim against Melendez also will be dismissed. Abrams claims that when he would not sign a liability waiver, Melendez retaliated against him by moving him out of the nursing critical care unit. Abrams does not explain how the alleged retaliation harmed him or why he needed to remain in the critical care unit. Regardless, *Bivens* does not extend to create an implied cause of action for First Amendment retaliation. *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022). That being said, Defendants Vago and Melendez will be required to respond to Abrams's claims of deliberate indifference to his serious medical needs. Since Abrams is a prisoner who is proceeding *pro se*, the United States Marshals Service ("USMS") will assist him in serving the defendants with summonses and copies of the amended complaint.

Abrams recently-filed documents labeled "sealed," which the Clerk's Office docketed as a motion for leave to file a document under seal. [R. 29]. Abrams's submission provides an update on his health conditions and discusses potential discovery material in the case. However, the next step in this litigation is for Defendants Vago and Melendez to respond to the amended complaint. As such, Abrams's provisionally sealed submission is not relevant at this time and will be stricken from the docket.

Based on the foregoing, it is **ORDERED** as follows:

1. Abrams's motion for leave to file a document under seal **[R. 29]** is **DENIED**. The provisionally-sealed documents shall be **STRICKEN** from the record.

2. Abrams's claims against Defendants Paul, Sizemore, Mattingly, Warbash, "RH and NHh," and Swanson Security Agency are **DISMISSED**. These defendants are terminated as parties to this action.

3. Abrams may proceed with his Eighth Amendment/deliberate indifference claims against Defendants Melendez and Vago.

4. A Deputy Clerk shall prepare four (4) "Service Packets" for service upon the United States and Defendants Melendez and Vago. Each Service Packet shall include:

   a. a completed summons form;

   b. the amended complaint and attachments **[R. 28, 28-1, 28-2]**;

   c. this Order; and

   d. a completed USM Form 285.

5. A Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

6. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.

7. The USMS shall personally serve Defendants Melendez and Vago at the FMC Lexington through arrangement with the Federal Bureau of Prisons.

8. After service has been completed, Defendants Melendez and Vago must respond to the amended complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.

This 18th day of November, 2025.

Gregory F. Van Tatenhove
United States District Judge