UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JAMES P. ABRAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:25-cv-00285-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| DAVID PAUL, WARDEN, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the defendants' motion to dismiss [R. 41], which the Court converted into a motion for summary judgment [R. 45]. Having carefully considered the parties' arguments and the applicable law, the Court will dismiss the plaintiff's claims without prejudice based on his failure to exhaust administrative remedies.

**I**

James P. Abrams is an inmate at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Proceeding without counsel, Abrams filed a civil rights complaint alleging that officials at FMC Lexington were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. On February 9, 2026, the defendants filed a motion to dismiss arguing, *inter alia*, that Abrams failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e. [R. 41]. Abrams filed a timely response opposing the defendants' motion. [R. 42]. The Court subsequently determined that the defendants' motion must be viewed as a motion for summary judgment since the defendants rely on material outside the pleadings. *See* Fed. R. Civ. P. 12(d). The Court invited Abrams to file an additional response presenting information and/or arguments related to his exhaustion of administrative remedies. [R. 43]. Abrams filed a response brief on April 28, 2026, making this matter ripe for review.

## II

Federal law requires a prisoner to fully exhaust his available administrative remedies before filing suit to assert a civil claim regarding the conditions of his confinement. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). There is a multi-tiered administrative remedy process ("ARP") within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. To satisfy the exhaustion requirement, the inmate must fully comply with the relevant agency's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Summary judgment is proper where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in favor of the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Shumate v. City of Adrian, Mich.*, 44 F.4th 427, 438 (2022). The Court does not weigh the evidence or make credibility determinations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Adams v. Metiva,* 31 F.3d 375, 378 (6th Cir. 1994).

An inmate's failure to exhaust his administrative remedies is an affirmative defense that the defendants have the burden to plead and prove by a preponderance of the evidence. *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022). *See also Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023) ("Because defendants carry the burden of proof for exhaustion, they bear an initial summary judgment burden that is higher in that they must show that the record contains evidence satisfying their burden of persuasion and that no reasonable jury would be free to disbelieve it.") (internal quotation marks and citations omitted). Summary judgment is appropriate in this context only if "there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

In support of their motion, the defendants tendered the declaration of BOP Paralegal Specialist Misty Shaw. [R. 41-1]. Shaw reports:

> Abrams has submitted a total of nine administrative remedy requests or appeals. Of those nine submissions, three submissions requested compassionate release. The remaining six submissions involved staff retaliation and shackles causing injuries to Abrams' legs, or medical retaliation and Abrams' medical duty status. All six submissions failed to comply with the requirements for submitting a request or appeal and were rejected. The grounds for rejection of each submission are as follows:

> > Remedy ID No. 1241736-R1 was submitted on May 22, 2025, and was rejected on May 23, 2025, as it was submitted at the wrong level (WRL), should be submitted at the institutional level (INS), it was not a sensitive issue (SEN), and it was not submitted on the proper form (FRM).

> > Remedy ID No. 1241736-R2 was submitted on June 10, 2025, and rejected on the same date, as it was submitted at the wrong level (WRL), should be submitted at the institutional level (INS), it was not a sensitive issue (SEN), it was not submitted on the proper form (FRM), it had multiple continuation pages (ONE).

3

Remedy ID No. 1241736-R3 was submitted on June 12, 2025, and rejected on June 12, 2025, as the Warden's Response provided with the appeal did not match the issue in the appeal but matched the issue in Remedy ID No. 1236118-F1.

Remedy ID No. 1241736-F4 was submitted on June 30, 2025, and was rejected on July 2, 2025, as it was submitted at the wrong level (WRL), should be submitted at the institutional level (INS), it was not a sensitive issue (SEN), and it addressed more than one remedy (MLT). Abrams was advised that he could only address one remedy per appeal (OTH).

Remedy ID No. 1241736-F5 was submitted on September 2, 2025, and was rejected on September 4, 2025, as it was submitted at the wrong level (WRL), should be submitted at the institutional level (INS), and it was not a sensitive issue (SEN).

Remedy ID No. 1253060-R1 was submitted on September 2, 2025, and was rejected on September 4, 2025, as it was submitted at the wrong level (WRL), should be submitted at the institutional level (INS), and it was not a sensitive issue (SEN).

[R. 41-1 at 2–3 (internal citations omitted)].

Abrams does not dispute Shaw's statements but contends that his failure to exhaust administrative remedies should be excused for multiple reasons. First, relying on *Perttu v. Richards*, 605 U.S. 460 (2025), he argues that summary judgment is improper because the issue of exhaustion is intertwined with his substantive claims against the defendants. In *Perttu*, however, the plaintiff alleged that the defendant prison official violated his First Amendment rights by retaliating against him for filing administrative grievances. Abrams does not explain how his pursuit of administrative remedies is intertwined with his claims of deliberate indifference to serious medical needs. *See, e.g., Collier v. Nigorni*, No. 1:25-cv-80, 2026 WL 1024458, at *5 (W.D. Mich. Mar. 20, 2026) (inmate's deliberate indifference claims were not

4

"intertwined" with exhaustion issues); *Ali v. Washington*, No. 25-10846, 2026 WL 745261, at *10 (E.D. Mich. Feb. 19, 2026) (inmate's conditions-of-confinement claims were not intertwined with exhaustion). Thus, Abrams's failure to exhaust cannot be excused on this basis.

Next, Abrams asserts that his failure to exhaust administrative remedies should be excused because the BOP Regional Director improperly rejected his grievances as non-sensitive. The ARP provides:

> If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d)(1).

Abrams contends that his grievances were sensitive because, if he submitted them at the institutional level, "the grievance would be given to very same defendants that acted with deliberate indifference to serious medical needs." [R. 44 at 2]. After the Regional Office rejected Abrams's grievances as non-sensitive, however, he did not appeal to the BOP's General Counsel, *see* 28 C.F.R. § 542.15, nor did he pursue relief by submitting the grievances to the Warden of FMC Lexington, *see* 28 C.F.R. § 542.14(d)(1). Thus, Abrams did not exhaust his administrative remedies.

Finally, Abrams notes that administrative remedies are deemed unavailable when the grievance process is so opaque that it is incapable of use, when it "operates as a simple dead

5

end," or when prison officials thwart an inmate's efforts to exhaust through "machination, intimidation, or misrepresentation." [R. 44 at 3]. While these exceptions to the exhaustion requirement do exist, Abrams has not specifically alleged that they apply in this case. For instance, he has not identified any portion of the ARP that is ambiguous or difficult to understand. *See Williams v. White*, 724 F. App'x 380, 383 (6th Cir. Feb. 7, 2018). Moreover, he does not allege any facts indicating that the ARP functioned as a "dead end" or explaining how the defendants prevented him from exhausting administrative remedies through machination, intimidation, or misrepresentation.

### III

Because there is no genuine dispute of material fact that the plaintiff failed to exhaust his available administrative remedies, it is **ORDERED** as follows:

1.  Defendant's motion for summary judgment **[R. 41]** is **GRANTED**.

2.  Plaintiff's motion for leave to file an amended complaint **[R. 40]** is **DENIED** as moot.

3.  This matter is **DISMISSED** without prejudice.

This 18th day of May, 2026.

Gregory F. Van Tatenhove
United States District Judge

6